**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**TOREY BUCKLEY,**

        **Plaintiff,**

   **-against-**           **23-cv-08691-DG-TAM**

**11 HOYT PROPERTY OWNER, L.P.**
**AND TAIM 11 HOYT, LLC,**

        **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>DEFENDANT 11 HOYT PROPERTY OWNER, L.P. ANSWER TO PLAINTIFF'S</u>

## <u>COMPLAINT</u>

   Defendant 11 HOYT PROPERTY OWNER, L.P. (referred to as "Defendant 11 Hoyt"), by and through their attorneys, Jackson Lewis P.C., for its Answer to Plaintiff' TOREY BUCKLEY'S Complaint (the "Complaint"), herein states as follows:

### <u>AS TO "NATURE OF THE CLAIMS"</u>

   1.  Defendant 11 Hoyt denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

   2.  Defendant 11 Hoyt denies the allegations set forth in Paragraph "2" of the Complaint, and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant TAIM 11 HOYT, LLC ("Taim").

### <u>AS TO "JURISDICTION AND VENUE"</u>

   3.  Defendant 11 Hoyt denies the allegations set forth in Paragraph "3" of the Complaint, except state that Plaintiff purports jurisdiction is proper.

4.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "4" of the Complaint, except state that Plaintiff purports venue is proper.

## AS TO "THE PARTIES"

5.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "5" of the Complaint.

6.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "6" of the Complaint.

7.     Defendant 11 Hoyt admits the allegations set forth in Paragraph "7" of the Complaint.

8.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "8" of the Complaint, except admits that it leases property to defendant Taim.

9.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "9" of the Complaint, except admits that it leases property located at 11 Hoyt Street, Brooklyn, New York, to defendant Taim.

10.     Defendant 11 Hoyt admits the allegations set forth in Paragraph "10" of the Complaint.

11.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "11" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

## AS TO "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

12.     The allegations in Paragraph "12" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the

extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

13.     The allegations in Paragraph "13" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

14.     The allegations in Paragraph "14" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

15.     The allegations in Paragraph "15" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

16.     The allegations in Paragraph "16" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

17.     The allegations in Paragraph "17" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

18.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "27" of the Complaint.

28.     The allegations in Paragraph "28" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the

extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statutes and regulations cited therein for their full and accurate content.

29.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "29" of the Complaint.

30.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "30" of the Complaint.

31.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "30" of the Complaint, including subparagraphs (I) through (XII) therein.  Specifically, Defendant avers that any alleged technical accessibility violation did not pose a barrier to access to Plaintiff.

32.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "32" of the Complaint.

33.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "33" of the Complaint.

34.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "34" of the Complaint.

35.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "35" of the Complaint.

36.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "36" of the Complaint, and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

37.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "38" of the Complaint.

39.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "40" of the Complaint.

41.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "42" of the Complaint.

43.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "43" of the Complaint.

44.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "44" of the Complaint.

45.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "45" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

46.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "52" of the Complaint.

<u>**AS TO "FIRST CAUSE OF ACTION**</u>
<u>**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)"**</u>

53.     Defendant 11 Hoyt repeats its responses set forth in Paragraphs 1 through 52 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "53" of the Complaint.

54.     Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "54" of the Complaint.

55.     The allegations in Paragraph "55" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the regulation cited therein for its full and accurate content.

56.     The allegations in Paragraph "56" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the regulation cited therein for its full and accurate content.

57.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "57" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

58.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "58" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

59.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "59" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

60.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "60" of the Complaint.

61.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "61" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

62.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "62" of the Complaint.

63.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "63" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

64.	Defendant 11 Hoyt denies the allegations set forth in Paragraph "64" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

65.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "65" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

66.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "66" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

67.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "67" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

## AS TO "SECOND CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)"

68.     Defendant repeats its responses set forth in Paragraphs 1 through 67 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "68" of the Complaint.

69.      Defendant 11 Taim denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "69" of the Complaint.

70.     The allegations in Paragraph "70" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant Taim denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

71.     The allegations in Paragraph "71" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant Taim denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

72. Defendant 11 Hoyt denies the allegations set forth in Paragraph "72" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

73. Defendant 11 Hoyt denies the allegations set forth in Paragraph "73" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

74. Defendant 11 Hoyt denies the allegations set forth in Paragraph "73" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

75. Defendant 11 Hoyt denies the allegations set forth in Paragraph "75" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

76. Defendant 11 Hoyt denies the allegations set forth in Paragraph "76" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

77. Defendant 11 Hoyt denies the allegations set forth in Paragraph "77" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

78. Defendant 11 Hoyt denies the allegations set forth in Paragraph "78" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

79. Defendant 11 Hoyt denies the allegations set forth in Paragraph "72" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)"

80. Defendant 11 Hoyt repeats its responses set forth in Paragraphs 1 through 79 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "80" of the Complaint.

81.    Defendant 11 Hoyt denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "81" of the Complaint.

82.    The allegations in Paragraph "82" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

83.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "83" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

84.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "84" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

85.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "85" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

86.    Defendant 11 Hoyt denies the allegations set forth in Paragraph "86" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

87.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "87" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

88.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "88" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

89.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "89" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

90.     The allegations in Paragraph "90" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant 11 Hoyt denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

91.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "91" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

92.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "92" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

93.     Defendant 11 Hoyt denies the allegations set forth in Paragraph "93" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

94. Defendant 11 Hoyt denies the allegations set forth in Paragraph "94" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

95. Defendant 11 Hoyt denies the allegations set forth in Paragraph "95" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

96. Defendant 11 Hoyt denies the allegations set forth in Paragraph "96" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

97. Defendant 11 Hoyt denies the allegations set forth in Paragraph "97" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

98. Defendant 11 Hoyt denies the allegations set forth in Paragraph "98" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

99. Defendant 11 Hoyt denies the allegations set forth in Paragraph "99" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

100. Defendant 11 Hoyt denies the allegations set forth in Paragraph "100" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

101. Defendant 11 Hoyt denies the allegations set forth in Paragraph "101" of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)"

102. Defendant 11 Hoyt repeats its responses set forth in Paragraphs 101 through 101 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "102" of the Complaint.

103. Defendant 11 Hoyt denies the allegations set forth in Paragraph "103" of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations relating to defendant Taim.

104. Defendant 11 Hoyt denies the allegations set forth in Paragraph "104" of the Complaint.

105. Defendant 11 Hoyt denies the allegations set forth in Paragraph "105" of the Complaint.

## AS TO "INJUNCTIVE RELIEF"

106. Defendant 11 Hoyt denies the allegations set forth in Paragraph "106" of the Complaint.

107. Defendant 11 Hoyt denies the allegations set forth in Paragraph "107" of the Complaint.

108. Defendant 11 Hoyt denies the allegations set forth in Paragraph "108" of the Complaint.

## AS TO "JURY DEMAND"

Defendant 11 Hoyt denies that Plaintiff is entitled to a jury trial for claims alleged herein.

## AS TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendant 11 Hoyt denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint, including subparagraphs (A) through (H) alleged therein.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses to the Complaint and the alleged causes of action, Defendant 11 Hoyt alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant 11 Hoyt.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part to the extent Defendant 11 Hoyt relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## FOURTH AFFIRMATIVE DEFENSE

Defendant 11 Hoyt is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant 11 Hoyt's services, programs, or activities or in undue financial and administrative burdens, or would' require structural changes in existing facilities where other methods are effective to achieve compliance

under the Americans With Disabilities Act and/or applicable state and local housing and/or accommodation laws.

## FIFTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant 11 Hoyt is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant 11 Hoyt has undertaken.

## SEVENTH AFFIRMATIVE DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant 11 Hoyt acted honestly and in good faith to ensure full compliance with the Americans With Disabilities Act and all other applicable state and local public housing and/or accommodation laws, to the extent readily achievable and/or required by law.

## TENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, based on the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR 11 HHOYT PROPERTY OWNER, L.P.S CROSSCLAIM AGAINST DEFENDANT TAIM 11 HOYT LLC.

108. Defendant 11 Hoyt is authorized to conduct and is conducting business within the State of New York.

109. The Subject Property complained of is maintained, operated, and controlled by Taim pursuant to a Lease Agreement with Defendant 11 Hoyt.

110. Defendant has no control over the operation and maintenance of the Property maintained, operated, and controlled by Taim.

## AS AND FOR A FIRST CROSSCLAIM AGAINST DEFENDANT TAIM – INDEMNIFICATION AND CONTRIBUTION

111. Defendant 11 Hoyt repeats and realleges each and every allegation contained in Paragraphs 1 through 110 of the Crossclaim above as if fully set forth herein.

112. Defendant 11 Hoyt and Tenant are parties to a certain Lease, Rider, and Supplemental Rider ("Lease Agreement") for the Subject Property dated October 19, 2021, by and between 11 Hoyt Property Owner, L.P., and Taim 11 Hoyt, LLC d/b/a Taim.

113. Section 3.1(k) of the Lease Agreement requires Taim to be responsible for compliance with the Americans with Disabilities Act. Section 3.1(k) of the Lease Agreement provides in relevant part, that:

> "With respect to all means of access and egress to and from the Premises (including all entrances and doorways) and within the Premises, (which shall include any and all means of access and egress to, from and between floors comprising parts of the Premises if the Premises contains more than one such floor), **Tenant shall be responsible for compliance with the Americans**

**with Disabilities Act (42 U.S.C. § 12101 et. Seq.) and the regulations and Accessibility Guidelines for Buildings and Facilities issued pursuant thereto, and with New York City Local Law 58 of 1987.**"

(Emphasis added).

114.    Exhibit E of the Lease Agreement provides that Taim shall comply with the Americans with Disabilities Act in connection with the performance of any alterations made on the premises. Section C(3) of Exhibit E of the Lease states, in relevant part, that:

"Tenant must comply with all Requirements in connection with the performance of any Alterations including the Americans with Disabilities Act (ADA.)"

115.    Exhibit B of the Lease Agreement contains a definition "Requirements" which including the Americans with Disabilities Act. Requirements as defined in Exhibit B of the Lease Agreement states, is, in relevant part:

"All present and future laws, rules, orders, ordinances, regulations, statutes, requirements, codes and executive orders, extraordinary and ordinary of (i) all Governmental Authorities, including, without limitations, (A) the Americans with Disabilities Act, 42 U.S.C. §12101 (et seq.), New York City Local Law 58 1987…"

116.    Section 25.1 of the Lease Agreement requires that Defendant Taim indemnify, defend, protect, and hold harmless Defendant 11 Hoyt against liability for any breach, violation or nonperformance of any covenant, condition or agreement of the Lease Agreement. Section 25.1 of the Lease Agreement states in relevant part:

"**Tenant shall indemnify, defend, protect and hold harmless each of the Indemnitees from and against any and all Losses, resulting from any claims**…(iii) against the Indemnitees resulting from any breach, violation or nonperformance of any covenant, condition or agreement of this Lease on the part of the Tenant to be fulfilled, kept, observed or performed."

(Emphasis Added).

117.     Section 25.3 of the Lease Agreement dictates that Defendant Taim, at its sole cost and expense, shall resist and defend any claim against Defendant 11 Hoyt within the terms of the indemnification of the Lease Agreement. Section 25.3 states in relevant part:

> "If any claim, action or proceeding is made or brought against any Indemnitee, then upon demand by an Indemnitee, Tenant, at its sole cost and expense, shall resist or defend such claim, action or proceeding in the Indemnitee's name (if necessary), by attorneys approved by the Indemnitee, which approval shall not be unreasonably withheld."

118.     Defendant 11 Hoyt is named as an Indemnitee under the Lease Agreement.

119.     Therefore, Pursuant to the Lease Agreement, Defendant Taim is obligated to indemnify and hold Defendant 11 Hoyt harmless for any liability resulting from this matter.

120.     Defendant Taim is responsible for compliance with the Americans with Disabilities Act by during its use demised premises and operation therein.

121.     Defendant 11 Hoyt did not engage in any alleged negligent acts or omissions related to the Complaint filed by Plaintiff with the Eastern District of New York. Any action required related to this matter would be required by Defendant Taim.

Defendant Taim is required by the Lease Agreement to resist or defend Defendant 11 Hoyt against actions or proceedings such as the Complaint filed by Plaintiff with the Eastern District of New York. Accordingly, if Defendant 11 Hoyt is found liable or to have caused any harm to Plaintiff, separately or in association with Defendant Taim, to the greatest extent permitted by law, Defendant 11 Hoyt shall be liable to Defendant Taim for contribution and/or indemnification.

**WHEREFORE**, Defendant 11 Hoyt respectfully requests the Court to:

a.     Dismiss the Complaint in its entirety, with prejudice;

b.      Deny each and every demand, claim and prayer for relief contained in the Complaint;

c.      Award Defendant the reasonable attorneys' fees and costs they incurs in defending this action; and

d.      Grant Defendant such other and further relief as the Court deems just and proper.

Dated:      February 6, 2024
White Plains, New York

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:      */s/ Joseph J. DiPalma*
Joseph J. DiPalma
Jason Mattar
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

................................................x

**TOREY BUCKLEY,**

**Plaintiff,**

-against-

**23-cv-08691-DG-TAM**

**11 HOYT PROPERTY OWNER, L.P.**
**AND TAIM 11 HOYT, LLC,**

**Defendants.**

................................................x

## CERTIFICATE OF SERVICE

Jason Mattar, an attorney duly admitted to practice law in this State, hereby affirms, under penalty of perjury, that a true and correct copy of Defendant 11 Hoyt Property Owner, L.P. Answer has been served via ECF on February 6, 2024 to counsel for Plaintiff at the address set forth below:

Robert G. Hanski, Esq.
Parker Hanski LLC
40 Worth Street, 10th Floor
New York, NY 10013
*Attorneys for Plaintiff*

Hyun-Baek (Sean) Chung, Esq.
Litchfield Cavo LLP
420 Lexington Avenue, Suite 2104
New York, NY 10170
*Attorneys for Taim*

By:     */s/ Jason Mattar*
         Jason Mattar